

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

FEB 2 5 2003 *Cn*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WEBMETHODS, INC. | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 02-CV-6355 |
| | ) Hon. Ronald A. Guzman |
| v. | ) |
| | ) |
| | ) Civil Action No. 03-CV-838 |
| IWORK SOFTWARE, LLC, | ) Hon. Matthew F. Kennelly |
| | ) |
| Defendant. | ) |
| | ) |

**DOCKETED**

MAR 0 5 2003

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on Thursday, February 27, 2003 at 9:30 am, or as soon

thereafter as counsel can be heard, we shall appear before the Honorable Ronald A. Guzman in

the courtroom usually occupied by him in the United States District Court for the Northern

District of Illinois and present the attached WEBMETHODS' MOTION FOR REASSIGNMENT

AND CONSOLIDATION WITH A RELATED CASE OR IN THE ALTERNATIVE, FOR

LEAVE TO INTERVENE IN THE RELATED CASE.

Copies of the motion and supporting papers are attached and herewith served upon you.

65

Respectfully submitted,

Richard A. Schnurr
HOWREY SIMON ARNOLD & WHITE, LLP
321 North Clark Street, Suite 800
Chicago, IL  60610
(312) 595-1239

Joseph P. Lavelle
Jennifer M. Lee
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 783-0800

Attorneys for WEBMETHODS, INC.

Of Counsel:
Douglas W. McNitt
Daniel M. Lascell
webMethods, Inc.
3930 Pender Drive
Fairfax, VA 22030
(703) 460-2500

Dated:  February 25, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF MOTION was served this 25th day of February 2003 on the following by hand delivery:

John F. Flannery
Timothy P. Maloney
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle, Suite 1600
Chicago, Illinois 60603-3406
*Attorneys for iWork Software, LLC*

Paul G. Juettner
GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive, Suite 2500
Chicago, IL 60606
*Attorneys for Corporate Express, Inc.*

Harold Johnson
Charles McMahon
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
*Counsel for Herman Miller, Inc.*

Mark R. Galis
GREENBERG TRAURIG, PC
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
*Attorneys for W.W. Grainger, Inc.*

John W. Kozak
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
*Attorneys for Molex Incorporated*

Eric Bandfonbrener
PERKINS COIE LLC
35 West Wacker Drive, Suite 3750
Chicago, IL 60601
*Counsel for Boise Cascade Corporation*

Jennifer M. Lee

3

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 2 5 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| WEBMETHODS, INC. | ) | Civil Action No. 02-CV-6355 |
|  | ) | Hon. Ronald A. Guzman |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 03-CV-838 |
|  | ) | Hon. Matthew F. Kennelly |
| IWORK SOFTWARE, LLC, | ) |  |
|  | ) | **DOCKETED** |
| Defendant. | ) | MAR 0 5 2003 |
|  | ) |  |

**WEBMETHODS' MOTION FOR REASSIGNMENT AND CONSOLIDATION
WITH A RELATED CASE OR IN THE ALTERNATIVE, FOR LEAVE TO
INTERVENE IN THE RELATED CASE**

Plaintiff webMethods, Inc. ("webMethods") respectfully moves pursuant to Local Rule 40.4 for an order assigning webMethods' declaratory judgment action, Civil Action No. 03-CV-838 (the "higher-numbered case") pending before the Honorable Matthew F. Kennelly, to this Court based on its relatedness to *iWork Software, LLC v. Corporate Express et al.,* Civil Action No. 02-CV-6355 (the "lower-numbered case"), and for consolidation of the two cases for both discovery and trial pursuant to Fed. R. Civ. P. 42(a).

The cases are related within the meaning of Local Rule 40.4(a)(1)-(3), because both involve the same patent, both involve common issues of law and fact concerning patent non-infringement and invalidity, and both involve the manufacture, offer for sale, sale, and use of webMethods' products.  Furthermore, the four criteria required under Local Rule 40.4(b) for reassigning a later-filed related case to the judge of the earlier-filed case are all met here: (1) both cases are pending before this Court; (2) the handling of both cases by a single judge is likely to result in a substantial savings of judicial time and effort, namely because the discovery and motion practice can be more efficiently handled by a court already familiar with the patent-in-suit; (3) the lower-numbered case has not progressed to a point where designating the higher-

numbered case as related would likely delay the proceeding of the lower-numbered case –
indeed, the lower-numbered case is in its initial pre-discovery stages of determining the proper
parties; and (4) both cases are susceptible of disposition in a single proceeding determining the
same issues of non-infringement and invalidity.

This Court has discretion to consolidate related cases pursuant to Fed. R. Civ. P. 42(a).
For the same reasons as for reassignment, including judicial economy and efficiency to the
parties, the cases should be consolidated for both discovery and trial.

In the alternative, webMethods requests that this Court grant leave for it to intervene in
the lower-numbered case as a party defendant pursuant to Fed. R. Civ. P. 24. webMethods'
motion to intervene is timely filed and webMethods has an interest in the case because it is the
manufacturer of the software products at issue and is obligated under various contracts to
indemnify its customers for such software. Thus, alternatively, webMethods should be permitted
to intervene in the lower-numbered case to protect its interests.

In support of this motion, webMethods submits the accompanying memorandum.


Respectfully submitted,


Richard A. Schnurr
HOWREY SIMON ARNOLD & WHITE, LLP
321 North Clark Street, Suite 800
Chicago, IL 60610
(312) 595-1239

Joseph P. Lavelle
Jennifer M. Lee
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 783-0800

Attorneys for WEBMETHODS, INC.


2

Of Counsel:
Douglas W. McNitt
Daniel M. Lascell
webMethods, Inc.
3930 Pender Drive
Fairfax, VA 22030
(703) 460-2500

Dated:  February 25, 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WEBMETHODS, INC. | ) | Civil Action No. 02-CV-6355 |
| | ) | Hon. Ronald A. Guzman |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-CV-838 |
| | ) | Hon. Matthew F. Kennelly |
| IWORK SOFTWARE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DOCKETED
MAR 0 5 2003

FILED
FEB 25 2003
MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

**WEBMETHODS' MEMORANDUM IN SUPPORT OF ITS MOTION FOR REASSIGNMENT AND CONSOLIDATION WITH A RELATED CASE OR IN THE ALTERNATIVE, FOR LEAVE TO INTERVENE IN THE RELATED CASE**

webMethods, Inc ("webMethods") respectfully requests that this Court reassign webMethods' declaratory judgment action, Civil Action No. 03-CV-838 (the "higher-numbered case"), pending before the Honorable Matthew F. Kennelly, to this Court based on the higher-numbered case's relation to *iWork Software, LLC v. Corporate Express et al.,* Civil Action No. 02-CV-6355 (the "lower-numbered case"), pursuant to Local Rule 40.4 of this Court. Additionally, webMethods requests that this Court consolidate for both discovery and trial the higher-numbered case with the lower-numbered case, for efficiency reasons. In the alternative, webMethods requests that this Court grant it leave to intervene as a party defendant in the lower-numbered case, because of its interest in this case, including contractual indemnity obligations.

**BACKGROUND OF THE CASES**

On September 6, 2002, iWork Software LLC ("iWork") filed an action in this Court against five of webMethods' customers -- Corporate Express, Inc., Herman Miller, Inc., W.W. Grainger, Inc., Molex Incorporated, and Boise Cascade Corporation (collectively, "Customer Defendants") -- for infringement of U.S. Patent No. 6,310,888 ("the '888 patent"). That case,

65

styled as *iWork Software, LLC v. Corporate Express et al.,* Civil Action No. 02-CV-6355 ("the lower-numbered case") is currently pending before this Court.

In the lower-numbered case, iWork alleges that the Customer Defendants infringe the '888 patent by "making and using systems and methods covered by the '888 patent along with its application integration processes within the United States." (Complaint, attached as Exhibit 1, at ¶¶ 12-16.) iWork contends that infringement occurs when the Customer Defendants implement and use webMethods' software products. (Hearing Transcript dated November 12, 2002, attached as Exhibit 2, at 4-6.) iWork has also notified other webMethods' customers of their possible infringement of the '888 patent. (*See* Lascell Declaration dated November 22, 2002,[1] attached as Exhibit 6, at ¶6).

webMethods makes and sells software products that allow different computer programs to communicate with one another, both within a business and from business to business. iWork has accused the Customer Defendants' use of webMethods software as infringing the claims of the '888 patent. In fact, it appears that iWork has used webMethods' website to obtain the identity of webMethods' customers that it has charged with infringement of the '888 patent. In at least one instance, representatives of iWork told a webMethods customer that iWork accused that customer based on the fact that the customer is listed as a "success story" on webMethods' website. (*See* Complaint filed on October 15, 2002, Civil Action No. 02-CV-806, Eastern District of Virginia, attached as Exhibit 3, at ¶ 16 ("webMethods' Virginia DJ action"); *see also* Lascell Decl., Ex. 6 at ¶6.)

webMethods filed an action for declaratory judgment against iWork on October 15, 2002, in its home district, the Eastern District of Virginia. webMethods' declaratory judgment action against iWork seeks a declaration of non-infringement, invalidity and/or unenforceability of the iWork '888 patent that is also at issue in the lower-numbered case. (webMethods Virginia DJ

---

[1]    The Declaration of Daniel M. Lascell was originally filed in connection with webMethods' opposition to iWork's motion to dismiss the Virginia DJ case.

action, Ex. 3 at ¶3.) On November 15, 2002, iWork moved to dismiss webMethods' Virginia DJ action for lack of case or controversy, or in the alternative, to transfer that case to this Court.[2] On January 29, 2003, the Eastern District of Virginia ordered the transfer of webMethods' Virginia DJ action to this Court, stating that the transfer would save judicial resources and avoid potentially inconsistent results. (January 29, 2003 Order, attached as Exhibit 4, at 10.)

On February 4, 2003, this Court assigned the transferred Virginia DJ case Civil Action No. 03-CV-838 ("the higher-numbered case"), which is currently pending before the Honorable Matthew F. Kennelly. An initial status hearing has been set for March 26, 2003.

In both of these cases, the patent-in-suit is iWork's '888 patent, and thus both of the suits address the same technology – the integration of information across computer networks. In addition, both of these cases necessarily address issues regarding the non-infringement, invalidity and/or unenforceability of the '888 patent. Thus, the handling of both cases by a single judge – familiar with the products and the technology at issue – will result in a substantial savings of judicial time and effort.

As the lower-numbered case is not far advanced, webMethods moves this Court for an order reassigning its declaratory judgment action to this Court, and for consolidation of both actions for discovery and trial.[3] In the alternative, webMethods requests this Court grant it leave to intervene in the lower-numbered case as a party defendant. For the reasons discussed below, webMethods' motion should be granted.

---

[2]   iWork filed its alternative motion to transfer, despite this Court's suggestion not to do so. (November 12 Tr., Ex. 2, at 16.)

[3]   iWork does not appear to oppose the motion for reassignment and consolidation (besides perhaps timing). (*See* letter from K. Fink to J. Lee, attached as Exhibit 5.)

# ARGUMENT

## I.   THE CASE SHOULD BE REASSIGNED PURSUANT TO LOCAL RULE 40.4(B)

Local Rule 40.4(b) provides that where related cases have been assigned to different judges, the later-filed case may be reassigned for disposition by the judge to which the lower-numbered case has been assigned provided each of four requirements are met: (1) both cases are pending in the Northern District of Illinois; (2) the handling of both cases by the same judge is likely to result in substantial savings of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would likely delay the proceedings; and (4) the cases are susceptible of disposition in a single proceeding. *See* Local Rule 40.4(b). Two cases are related under Local Rule 40.4 if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence. *See* Local Rule 40.4(a).[4]

Here, the requirements for both relatedness and reassignment are easily met.

### A.   The Pending Cases Are Closely Related

Both the higher-numbered case and the lower-numbered case meet each of the conditions for related cases as specified in Local Rule 40.4(a)(1)-(3).

First, both cases involve the same property: the '888 patent. This alone is sufficient to meet the first requirement for "relatedness" pursuant to Local Rule 40.4(a)(1). *See Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 215 (N.D. Ill. 1993) (concluding that cases were related because the patents in each case were identical); *American Photocopy Equip. v. The Fair*, 35 F.R.D. 236 (N.D. Ill. 1963) (same); *National Nut Co. v. SuSu Nut Co.*, 61 F. Supp. 86 (N.D.Ill. 1945) (same). Additionally, both cases involve the same webMethods products.

---

[4]   Local Rule 40.4(a)(4) relates to class actions and is not relevant here.

4

Second, both cases involve many of the same issues of law or fact, namely, non-infringement with respect to webMethods products, as well as the invalidity and unenforceability of the '888 patent. When two cases involve non-infringement and invalidity of the identical patent, they are related. *See Sage Products,* 148 F.R.D. at 215 (finding cases were related because defendants raised identical issues of non-infringement and invalidity of identical patents); *American Photocopy*, 35 F.R.D. at 237 (cases involve common questions of law or fact where same issues of patent infringement and patent misuse present in both cases); *National Nut Co.*, 61 F. Supp. at 86 (cases related where validity of same patent at issue). Moreover, both cases involve the same transaction: the manufacture, sale and use of products made by webMethods.

## B.    The Present Cases Meet All of the Requirements for Reassignment

The higher-numbered case and the lower-numbered case also meet all four conditions for reassignment required by Local Rule 40.4(b).

First, both cases are pending in the Northern District of Illinois – the lower-numbered case, Civil Action No. 02-C-6355, is pending before this Court, and the higher-numbered case is pending before the Honorable Matthew F. Kennelly. Thus, the requirement of Local Rule 40.4(b)(1) that the related cases are pending in this Court is satisfied.

Second, having the same judge handle both cases will result in a substantial savings of judicial time and effort, as recognized by the transferor Virginia court. As discussed above, both cases address the same patent, involve the same technology, and revolve around the same integration platforms. Necessarily, both cases will address questions of non-infringement, invalidity and unenforceability of the '888 patent. *See, e.g., Sage Products,* 148 F.R.D. at 215 (concluding that judicial economy is especially served in reassigning related patent cases involving identical issues of invalidity and no-infringement of identical patents to the same judge); *see also National Nut Co.*, 61 F. Supp. at 86 (concluding that convenience of court and litigants best served by consolidating cases where decision of validity or non-validity of the patents and whether any of the defendants infringed will determine the issues in both cases). As

5

such, it would be more efficient for one judge to gain the requisite knowledge and familiarity with the products and the technology at issue rather than two. As recognized by the Virginia transferor court, it would serve judicial economy for this Court, where the lower-numbered case is pending, to address the similar issues that will be raised in the higher-numbered case. (Ex. 4 at 10.) Moreover, reassignment avoids the possibility of inconsistent rulings between two judges on these identical issues of law. (*Id.*)

Third, the lower-numbered case has not yet progressed to the point where designating the higher-numbered case as related would likely substantially delay the proceedings in the lower-numbered case. No discovery cutoff has yet been set, and the Court just recently issued a Preliminary Discovery Order on December 3, 2002. Pursuant to that Order, the parties in the lower-numbered case are just beginning the discovery process in preparation for the exchange of contentions. webMethods seeks to avoid any unnecessary delays in the lower-numbered case, and will endeavor to adopt any schedule set in the lower-numbered case.

Finally, for the reasons set forth above, both cases are susceptible of disposition in a single proceeding. webMethods' declaratory action against iWork (higher-numbered case) will necessarily involve resolution of issues common to the customer suit (lower-numbered case). Those issues include alleged non-infringement, invalidity and/or unenforceability of the '888 patent relative to webMethods' products and customers. This was expressly recognized by the Virginia court in its transfer order of webMethods' Virginia DJ action. (Ex. 4 at 10.)

## II.   THE RELATED CASES SHOULD BE CONSOLIDATED PURSUANT TO FED. R. CIV. P. 42(A) FOR BOTH DISCOVERY AND TRIAL

Fed. R. Civ. P. 42(a) states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

As is made clear from Rule 42(a), the decision is left to the discretion of the trial judge, and is appropriate in patent infringement actions involving the same patents. *Sage Products,* 148 F.R.D. at 215; *American Photocopy*, 35 F.R.D. 236; *National Nut Co.*, 61 F. Supp. 86. The parties do not have to consent or agree to the consolidation. *See* Sage, 148 F.R.D. at 215.

As discussed above, the cases are related because the patent-in-suit is identical. Furthermore, the cases involve the same issues of fact and law of invalidity and non-infringement of the '888 patent. Therefore, the handling of both of these pending cases by the same judge will result in savings of judicial time and effort, and will minimize the litigation costs to the parties. This Court has consolidated related cases in a number of instances where judicial economy would be served by such consolidation. *See Sage Products,* 148 F.R.D. at 215; *American Photocopy*, 35 F.R.D. 236; *National Nut Co.*, 61 F. Supp. 86; *Applied Web Systems, Inc. v. Catalytic Combustion Corp.,* No. 90-C-4411, 1991 U.S. Dist. LEXIS 5696, at *6-7 (N.D. Ill. April 29, 1991); *Middleby Corporation v. Hussmann Corporation,* Nos. 90-C-2744 and 91-C-3188, 1991 U.S. Dist. LEXIS 8727, at *6 (N.D. Ill. June 27, 1991); *Smith et al. v. Northeastern Illinois University,* No. 98-C-3555, at *18-19 (N.D. Ill. February 28, 2002).

For the same efficiency reasons that the higher-numbered case should be reassigned to this Court, the two cases should be consolidated.

## III.   IN THE ALTERNATIVE, WEBMETHODS SHOULD BE GRANTED LEAVE TO INTERVENE AS A PARTY DEFENDANT IN THE LOWER-NUMBERED CASE

As described above, webMethods is the manufacturer of the software at issue in this case, and has brought a declaratory judgment action against iWork (transferred to this district for efficiency reasons) that it requests be reassigned and consolidated with the related lower-numbered case pending before this Court. In the alternative, pursuant to Fed. R. Civ. P. 24, webMethods requests leave to intervene in the lower-numbered case as a party defendant to protect its interests.

**A.      webMethods Should Be Permitted To Intervene As a Matter of Right**

Federal Rule of Civil Procedure 24(a)(2) sets out four criteria that must be satisfied for a party to qualify to intervene in an action as a matter of right: (1) the motion must be timely; (2) the proposed intervenor must claim an interest relating to the property or transaction at issue; (3) the disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; and (4) that interest is not adequately represented by existing parties to the litigation. *Midwest Dental Prods. Corp. v. Kinetic Instruments, Inc.,* No. 89-C-7289, 1990 U.S. Dist. LEXIS 11487, at *5-6 (N.D. Ill. Jan. 24, 1990); *see also Security Ins. Co. of Hartford v. Schipporeit,* 69 F.3d 1377, 1381 (7th Cir. 1995). Here, webMethods meets each of the four criteria.

**1.      webMethods' motion is timely**

webMethods timely files this alternative motion to intervene. iWork only filed its complaint in September 2002. The case is in its earliest stages of discovery, no discovery cutoff nor trial date has yet been set, and no significant decisions on the merits have been made. Thus, webMethods' filing of its motion to intervene is timely. *See Jet Traders Investment Corp. v. TekAir, Ltd.,* 89 F.R.D. 560, 568 (D. Del. 1981) (motion to intervene filed eight months after completion of the pleadings timely where discovery not yet completed and no decisions on the merits had been decided).

**2.      webMethods has a significant interest in this litigation**

This Court has stated that Rule 24(a)(2)'s "interest" requirement requires a "significantly protectable interest which is direct and substantial." *Midwest Dental,* 1990 U.S. Dist. LEXIS at *7 (citing *American Nat'l Bank & Trust v. City of Chicago,* 865 F.2d 144 (7th Cir. 1989)). webMethods meets this requirement in several ways.

First, webMethods has already agreed to indemnify the defendants in this case, pursuant to certain contractual obligations. (Lascell Decl., Ex. 6, at ¶ 10.) Indemnification is a legal obligation, and hence demonstrates a legal interest in this case. *See, e.g., Dow Chem. Co. v.*

*Viskase Corp.,* 892 F.Supp. 991, 997 (N.D. Ill. 1995) ("After all, indemnification is a legal obligation.").

Second, iWork's infringement allegations focus in substantial part on webMethods' software products. (*See, e.g.,* Nov. 12, 2002 Hearing Transcript, Ex. 2, at 4-6.) Thus, webMethods has a direct interest in the issues in this case.

Third, as the designer and manufacturer of the accused software products, webMethods is in a better position than the Customer Defendants to defend against iWork's charges that the Customer-Defendants' use of these products infringe the '888 patent. webMethods alone has knowledge of the development and detailed operation of its software products. As such, webMethods has a legitimate interest in defending its products against charges of patent infringement.

### 3.    webMethods should be permitted to intervene to protect its interests

The disposition of this action without webMethods would impair webMethods' ability to protect its legal and financial interests. Rulings from this Court unfavorable to webMethods' interests, such as the validity of the '888 patent or that webMethods' products infringe the '888 patent, and/or an injunction would significantly impact webMethods' ability to defend against allegations of infringement and any related indemnification in any subsequent actions brought against it or its other customers. As the First Circuit noted in *Codex Corp. v. Milgo Elec. Corp.,* 553 F.2d 735, 738 (1st Cir. 1977), "it is a simple fact of life that a manufacturer must [intervene to] protect its customers . . . in order to avoid the damaging impact of an adverse ruling against its products." webMethods' customers expect that webMethods, as the manufacturer of products that comprise the accused systems and as the party most knowledgeable about their operation, will assist them in this litigation.

### 4.    webMethods' interests are not adequately represented by defendants

To meet the last factor in Rule 24(a), an intervenor need only establish that "representation of his interest 'may be' inadequate; and the burden of making that showing be treated as minimal." *Trbovich v. United Mine Workers of America,* 404 U.S. 528, 538 n.10

(1972). Each of the Customer Defendants in this action uses the webMethods software. They lack detailed technical knowledge of the workings of the software, which knowledge will be required to refute iWork's allegations. webMethods' interests are therefore not adequately represented by the existing defendants.

webMethods should be granted leave to intervene as of right pursuant to Rule 24(a)(2) because it meets all of the requirements.

**B.    webMethods Should Be Granted Permissive Intervention**

Alternatively, webMethods could be permitted to intervene under Fed. R. Civ. P. 24(b)(2). That rule provides that:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2) (2002).

Thus, to be permitted to intervene under Rule 24(b)(2), webMethods must meet three requirements: "(1) that the application was timely, (2) that there exists a common question of law or fact, and (3) that there will be no undue delay of the rights of the original parties." *HBB Ltd. Partnership v. Ford Motor Co.,* No. 92-C-3287, 1992 U.S. Dist. LEXIS 17543, at *2 (N.D. Ill. Nov. 10, 1992). webMethods meets each of these requirements.

First, as discussed above, webMethods' motion is timely. Second, central questions to be raised by webMethods are identical to those currently existing in the case: invalidity and non-infringement of the '888 patent. *See also id.* at *3 (manufacturer intervenors raised common questions pending in suit against its customers: patent invalidity and non-infringement.) Notably, webMethods will be subject to discovery in the earlier-filed action and is bound by indemnification agreements with its customers. These factors support permitting intervention by webMethods in a patent infringement case against it customers. *See Lemelson v. Larami Corp.,* 1981 U.S. Dist. LEXIS 17331, 212 U.S.P.Q. 598 (S.D.N.Y. 1981) (permitting intervention by

10

manufacturer/vendor in suit against its customer where manufacturer/vendor was obligated to indemnify the customer and intended to challenge validity of the patent); *Stewart-Warner Corp. v. Westinghouse Elec. Corp.,* 325 F.2d 822, 826 (2nd Cir. 1963), cert. denied, 376 U.S. 944 (1964) (subsidiary manufacturer/vendor of disputed patented equipment permitted to intervene in suit against parent).

Third, given that this litigation is in its early stages, there is no undue delay of the rights of the original parties.  In fact, webMethods' intervention in this litigation is likely to expedite this litigation because webMethods possesses many of the essential documents and information necessary to resolve completely and efficiently the issues raised herein.  *See, e.g., HBB Ltd. Partnership,* 1992 U.S. Dist. LEXIS at *6 (recognizing that where manufacturer intervenors possess and control many important documents, intervention can expedite underlying litigation against its customers).

If this Court decides not to reassign and consolidate the two cases, intervention would save judicial resources and avoid potentially inconsistent results by resolving related issues in a single proceeding.

## CONCLUSION

For the reasons set forth above, webMethods respectfully requests that this Court enter an order finding Civil Action No. 03-C-838 pending in this District related to Civil Action No. 02-C-6355, reassigning Civil Action No. 03-C-838 from Judge Kennelly to Judge Guzman for disposition, and consolidating Civil Action Nos. 03-C-838 and 02-C-6355 for both discovery and trial.  In the alternative, webMethods requests that this Court grant it leave to intervene in Civil Action No. 02-C-6355 as a party defendant to protect its interests.

Respectfully submitted,

Richard A. Schnurr
HOWREY SIMON ARNOLD & WHITE, LLP
321 North Clark Street, Suite 800
Chicago, IL  60610
(312) 595-1239

Joseph P. Lavelle
Jennifer M. Lee
HOWREY SIMON ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 783-0800

Attorneys for WEBMETHODS, INC.

Of Counsel:
Douglas W. McNitt
Daniel M. Lascell
webMethods, Inc.
3930 Pender Drive
Fairfax, VA 22030
(703) 460-2500

Dated:  February 25, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing WEBMETHODS' MOTION FOR REASSIGNMENT AND CONSOLIDATION WITH A RELATED CASE OR IN THE ALTERNATIVE, FOR LEAVE TO INTERVENE IN THE RELATED CASE, MEMORANDUM and EXHIBITS was served this 25th day of February 2003 on the following by hand delivery:

John F. Flannery
Timothy P. Maloney
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle, Suite 1600
Chicago, Illinois 60603-3406
*Attorneys for iWork Software, LLC*

Paul G. Juettner
GREER, BURNS & CRAIN, LTD.
300 South Wacker Drive, Suite 2500
Chicago, IL 60606
*Attorneys for Corporate Express, Inc.*

Harold Johnson
Charles McMahon
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive, Suite 3600
Chicago, IL 60611
*Counsel for Herman Miller, Inc.*

Mark R. Galis
GREENBERG TRAURIG, PC
77 West Wacker Drive, Suite 2500
Chicago, IL 60601
*Attorneys for W.W. Grainger, Inc.*

John W. Kozak
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601
*Attorneys for Molex Incorporated*

Eric Bandfonbrener
PERKINS COIE LLC
35 West Wacker Drive, Suite 3750
Chicago, IL 60601
*Counsel for Boise Cascade Corporation*

Jennifer M. Lee

# SEE CASE FILE FOR EXHIBITS