# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6355 | **DATE** | 10/31/2003 |
| **CASE TITLE** | Iwork Software vs. Corporate Express, Inc.,et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies webMethods' motion to intervene [72-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | NOV 0 4 2003 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | 108 |
| | Copy to judge/magistrate judge. | | NOV 0 4 2003 | | |
| | | | date mailed notice | | |
| TBK | courtroom deputy's initials | U.S. DISTRICT COURT | | | |
| | | 03 NOV -3 PM 12: ... | | | |
| | | FILED ... | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IWORK SOFTWARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02 C 6355 |
| | ) | |
| CORPORATE EXPRESS, INC., | ) | |
| HERMAN MILLER, INC., | ) | Judge Ronald A. Guzmán |
| W.W. GRAINGER, INC., | ) | |
| MOLEX INCORPORATED, and | ) | |
| BOISE CASCADE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DOCKETED
NOV 0 4 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, iWork Software, LLC. has brought this suit alleging patent infringement against defendants Corporate Express, Inc., Herman Miller, Inc., W.W. Grainger, Inc., Molex Incorporated, and Boise Cascade Corporation. webMethods seeks to intervene on behalf of defendants and assert affirmative defenses including non-infringement against and invalidity of U.S. Patent No. 6,310,88 B1 ("'888 patent"). iWork opposes the motion and argues that webMethods' request for intervention should be denied because webMethods fails to meet the standards for intervention under Fed. R. Civ. P. 24 (a) and (b). For the reasons set forth below, webMethods' motion to intervene is denied.



- 1 -

## **BACKGROUND FACTS**

The complaint at issue relates to the use of software created and sold by webMethods to defendants, the subsequent modification and use of which iWork alleges violates its '888 patent.

On October 30, 2001, iWork was issued the '888 patent entitled "System and Method for Communication Data," originally filed December 30, 1997. The '888 patent is directed to a system and method for transferring data between disparate software applications and operating systems across a network, a form of enterprise integration. The key feature of the system and method is the conversion of outbound data into a generic format at a central location. Data can then be modified per system requirements, system requests are identified, and requested data is translated to the requesting systems' various formats and transmitted to requesting systems.

webMethods is a provider of software products for enterprise integration, with more than 900 customers worldwide. It sells integration software that can be used to connect enterprise software, package applications, proprietary software and to execute business processes both within and between enterprise systems.

In the instant suit, iWork has alleged that defendants infringed iWork's '888 patent by independently and severally making and using systems and methods covered by the '888 patent. These allegedly infringing systems include webMethods software as a component part.

Apart from the instant suit, webMethods filed a declaratory judgment action in the Eastern District of Virginia against iWork seeking a declaration that the '888 patent is invalid and unenforceable, or alternately that it is not infringed by certain software products produced and sold by webMethods. The Virginia court declined to address iWork's motion to dismiss. However, it granted the motion to transfer the declaratory judgment case to the Northern District of Illinois. Judge Kennelly subsequently was assigned the case and granted iWork's motion to

dismiss for lack of subject matter jurisdiction because iWork has not accused webMethods of patent infringement and because webMethods' proposed indemnification of defendants does not otherwise give it standing to bring a declaratory judgment suit.

## DISCUSSION

Intervention provides a mechanism for non-parties to protect interests that might otherwise be adversely affected by a trial court judgment. *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998). Two types of intervention are possible under Fed. R. Civ. P. 24, intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a), (b). In either case, Rule 24 should be liberally construed in favor of potential intervenors. *Barrett v. Fox & Grove, Chartered*, No. 01 C 5910, 2003 WL 1702250, at *6 (N.D. Ill. Mar. 28, 2003). The decision to grant or deny a motion for permissive intervention is "wholly discretionary with the district court." *Keith v. Daley*, 764 F.2d 1265, 1271 (7th Cir. 1985). Courts also have an interest in allowing parties with actual interests in pending litigation to intervene in order to prevent or simplify future litigation involving related claims. *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995); *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995). However, in either type of intervention, the applicant bears the burden of proof of each element required for the type of intervention sought. *Reid v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Keith*, 764 F.2d at 1268. Failure to prove even one required element must result in a denial of the motion to intervene. *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984).

## I. Intervention as of Right

In order to intervene as of right, an intervenor must have "a direct, significant, legally protectable interest." *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir. 1982); *see Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982); *Fed. Deposit Ins. Corp. v. Hanrahan*, 612 F.2d 1051, 1053 (7th Cir. 1980). The interest must be founded in a right belonging to the proposed intervenor rather than to an existing party in the suit. *Wade*, 673 F.2d at 185.

In pertinent part Rule 24(a) states:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Additionally, the Seventh Circuit has established four criteria for establishing that a party has sufficient interest to intervene as a matter of right:

> (1) the motion must be timely; (2) the proposed intervenor must claim an interest relating to the property or transaction at issue; (3) the disposition of the action, as a practical matter, may impair or impede the ability to protect that interest; and (4) that interest is not adequately represented by existing parties.

*Am. Nat'l Bank & Trust Co. v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989).

The timeliness of the motion is not contested. Therefore, only the remaining three criteria must be examined.

### A. Legally Protectable Interest

webMethods argues that it has a direct, legally protectable interest in the matter at issue because it is the designer and manufacturer of the software used by defendants, and, as such, *it is*

in a better position to defend against iWork's allegations than end-user defendants. This, webMethods argues, places it in the position of a manufacturer whose customers, merely using a product as sold by the manufacturer, are sued by a patentee. In urging this posture, webMethods relies on public policy favoring a patentee's suit against an infringing manufacturer rather than customers, known as the customer suit exception. *Steward-Warner Corp. v. Westinghouse Elec. Corp.*, 325 F.2d 822, 826 (2d Cir. 1963) (holding a subsidiary manufacturer/ vendor of disputed patented equipment was properly permitted to intervene against its parent); *see Whelen Techs., Inc.* v. *Mill Specialties, Inc.*, 741 F. Supp. 715, 715 (N.D. Ill. 1990) (stating customer suit exception allows court, with an eye toward judicial economy, to exercise its discretion to stay patent infringement action "where the first action is brought against the customer of an offending manufacturer and a subsequent action is brought involving the manufacturer itself"); *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (stating customer suit exception "based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement"); *HBB Ltd. P'ship v. Ford Motor Co.*, no. 92-c-3287 1992 WL 348870, at *2 (N.D. Ill. Nov. 10, 1992) (applying customer suit exception).

webMethods also presents two alternate arguments in an attempt to establish its interest. First, webMethods argues that its expertise, both with regard to defendants' use of the specific software and with regard to developments in the software field prior to the '888 patent, give it a protectable interest both in defendants' use and defendants' contention of the '888 patent's invalidity. Second, webMethods argues that its potential indemnification of defendants should place it in a position to act as counsel for defendants.

However, in the instant case, defendants have customized webMethods' software independently of webMethods. It is this customization of the software that is alleged to infringe

the '888 patent, not the original software. Consequently, webMethods has only a limited connection to the infringement suit as a supplier of highly customizable software.

As for its other arguments, webMethods' expertise is insufficient to give it a protectable interest, as much as such expertise may be useful to defendants. *See Am. Bank & Trust*, 865 F.2d at 147 (plumbers' union's expertise in area of plumbing was not significant enough to warrant intervention of right). Likewise, webMethods' potential indemnification of defendants does not give it a protectable interest. The review of an intervention motion "does not involve an examination of the theoretical interests of proposed intervenors that would justify the initiation or the defense of a lawsuit in appropriate circumstances. . . . but [rather] whether already initiated litigation should be extended to include additional parties.'" *Wade*, 673 F.2d at 184 (quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969)). Even if webMethods were to have indemnified defendants that would not change its position with respect to the instant litigation. webMethods will not be bound by the judgment in this case, and, according to iWork's repeated statements to the Court, webMethods is in no danger of being joined as a third party defendant. In sum, webMethods does not have a legally protectable interest in the instant suit.

## B. Protection of Interests

webMethods argues that the possibility of an adverse ruling to defendants will impede its ability to defend against future allegations of infringement. Impairment depends upon whether the rights of a proposed intervenor would be foreclosed by an adverse decision in the case in which it seeks to intervene. *Meridian Homes*, 683 F.2d at 204.

The outcome of the instant case will resolve only defendants' liability for the alleged infringement of iWork's '888 patent. The alleged infringement claim is based solely on defendants' highly customized use of webMethods' software, not simply on the use of webMethods' software as sold. Therefore, any rulings related to defendants' infringement will not affect webMethods. As a result, the Court does not find in this case inadequate protection of webMethods' interests.

## C. Inadequacy of Representation

The last element to be considered is whether defendants adequately represent any mutual interest they may have with webMethods. webMethods does not argue that any conflict exists between it and any of defendants that would leave its interests inadequately represented. The concern is whether defendants' are able adequately to represent those mutual interests.

A presumption of adequacy of representation arises when the proposed intervenors and a party to the suit have the same ultimate objective. *Wade*, 673 F.2d at 186; *United States v. Bd. of Sch. Comm'rs*, 466 F.2d 573, 575 (7th Cir. 1972). Absent conflict between the parties' objectives, no reason to intervene exists. *Meridian Homes*, 683 F.2d at 205.

All five defendants have significant interests in the instant suit exceeding those of webMethods' and have adequate legal representation in the form of six reputable law firms. Consequently, defendants are unlikely to require the intervention of webMethods to protect any potential mutual interests.

Because webMethods has not established that representation of its interests by any of the multiple defendants may be inadequate, evidenced by the fact that its proposed intervening

answers and affirmative defenses are nearly identical to those submitted by defendants, it has failed to show its interests are inadequately represented.

In sum, upon consideration of each of the criteria necessary to establish a right to intervene, webMethods has failed to establish sufficient right on any grounds but timeliness. Accordingly, the Court denies webMethods' motion pursuant to Fed. R. Civ. P. 24(a).


## II. Permissive Intervention

A court may allow permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

webMethods seeks to characterize itself as having both legal and factual interests substantially in common with defendants. In support of this position it relies on *HBB Ltd. Partnership v. Ford Motor Co.*, a case in which the court permitted subsidiary suppliers of allegedly infringing devices to intervene in a suit between HBB and various automotive manufacturers. 1992 WL 348870, at *2. webMethods also places substantial weight on its proposed intention to indemnify defendants pursuant to previous contractual obligations, which, webMethods asserts, creates a common interest in questions of law. Additionally, in seeking to join the suit on the part of defendants, webMethods has proposed additional defenses beyond those that defendants, individually or collectively could have asserted, thereby broadening the scope of the suit. webMethods' position is not convincing.

In contrast to *HBB Ltd.*, here it is not webMethods' original software that is alleged to infringe; it is the subsequent modification of that software by individual defendants that

transforms the webMethods software into part of larger, allegedly infringing systems. Hence, unlike the situation in *HBB Ltd.* where the intervenors manufactured and supplied the allegedly infringing parts creating a commonality in questions of both fact and law, infringement by webMethods' software is not at issue, only the software's subsequent use by others.

Additionally, despite any indemnity agreement with defendants regarding webMethods' software, a commonality of legal interests with respect to the case at hand has not been created. iWork has not alleged that webMethods' software infringes its '888 patent. And, webMethods has not supplied any authority for the proposition that a manufacturer's indemnity agreement with regard to the manufacturer's product extends to subsequent independent modification or transformation of that product by the otherwise indemnified customers.

Further, webMethods' proposed intervention would result in additional, lengthy discovery and an extended trial, due to the proposed expanded scope of the suit. This will cause not only postponement of an already lengthy process, but will also prejudice defendants. The Court additionally notes that webMethods has already brought a separate declaratory judgment action for non-infringement of its software and invalidity of iWork's '888 patent. Judge Kennelly dismissed the action for lack of subject matter jurisdiction, finding no case or controversy between iWork and webMethods. *WebMethods, Inc. v. IWork Software, LLC*, No. 03 C 838, 2003 WL 1908019, at \*3 (N.D. Ill. Apr. 21, 2003). webMethods now seeks to raise essentially the same arguments in the guise of an intervenor. To allow webMethods to present the same arguments and evidence again would not be in the interests of justice or judicial efficiency.

Taking all of the circumstances into consideration, the Court denies webMethods' motion for permissive intervention.

## CONCLUSION

For the reasons set forth above, the Court denies webMethods' motion to intervene [doc. no. 72-1].

**SO ORDERED**                    **ENTERED:** 10/31/03

_Ronald A. Guzman_
**HON. RONALD A. GUZMAN**
**United States Judge**